**Francisco CEPEDA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE and New York State Division of Parole, Respondents.**

**No. 03 CV 2790 NG.**

United States District Court,
E.D. New York.

July 22, 2003.

Francisco Cepeda, Woodbourne, NY, Pro se.

### ORDER

GERSHON, District Judge.

*Pro se* petitioner Francisco Cepeda seeks habeas corpus relief pursuant to 28 U.S.C. §§ 2241 and 2254. Petitioner has not raised any claims in relation to his state court conviction, nor does he challenge his final order of deportation. He states that he is currently being held by the New York State Department of Correctional Services and that he has been granted Conditional Parole for Deportation Only ("CPDO") by the New York State Division of Parole. He brings this petition alleging a violation of his due process rights arising from the failure of the Immigration and Naturalization Service ("INS") to take him into physical custody and deport him immediately. Petitioner also requests an Order from this Court directing the INS and the New York State Division of Parole to deport him immediately to his native country, the Dominican Republic.

Petitioner's application for an Order directing the INS and the New York State Division of Parole to deport him immediately is denied. There is no right to deportation prior to the completion of a sentence of incarceration. The Illegal Immigration and Immigrant Responsibility Act of 1996, Pub.L. No. 99–603, 100 Stat. 3359 (1996), amended 8 U.S.C. § 1252(i) to specifically provide that "no cause or claim may be asserted ... against any official of

the United States or of any State to compel the release, removal or consideration for release or removal of any alien" before the completion of his period of incarceration. This provision, subsequently recodified as 8 U.S.C. § 1231(a)(4)(D), precludes any private right on the part of an alien inmate to bring an action to compel an INS official or any state official, including members of the parole board, to deport him from the United States prior to the completion of his or her prison term. *Duamutef v. Immigration and Naturalization Service*, 2003 WL 21087984, *3 (E.D.N.Y.2003); *Barbaro v. Immigration and Naturalization Service*, 1999 U.S. Dist. LEXIS 22517, at *2–3 (E.D.Pa.1999); *Loaiza v. INS*, 1998 WL 863126, at *4 (E.D.N.Y.1998).

▆ Nor can petitioner prevail on his claim that the failure of the INS and the New York State Division of Parole to deport him immediately constitutes a violation of his due process rights. Once an alien subject to a final order of deportation has been "released" from incarceration, he must be removed within ninety days. 8 U.S.C. § 1231(a)(1)(A)-(B). Due process rights may be implicated where the ninety day removal period has expired and there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). However, because a CPDO does not constitute a release for the purpose of 8 U.S.C. § 1231, *see Bispham v. Immigration and Naturalization Service*, 2003 WL 21497198, at *1–2 (D.Conm.2003); *Duamutef*, 2003 WL 21087984, at *4, no due process rights are implicated by the failure to expeditiously remove an alien who has been issued a final order of deportation during the time that he remains in state custody.

For the foregoing reasons, petitioner's due process claim is denied, as is his application for an order directing the INS and the New York State Division of Parole to deport him immediately. Since petitioner has not raised any other claims in this petition, the Clerk of Court is directed to close this case.

**SO ORDERED.**